UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK L. NICOLAI, III,<br><br>     Petitioner,<br><br>v.<br><br>WARDEN JOHANNA SMITH,<br><br>     Respondent. | Case No. 1:10-cv-00355-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action is Petitioner's Motion for Partial Summary Dismissal (Dkt. 12) and Petitioner's Motion for Judgment (Dkt. 16).

Having reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding further delay, the Court shall decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

## BACKGROUND

On the second day of his jury trial, Petitioner Frank Nicolai (Petitioner) pleaded guilty to and was convicted of raping and kidnaping S.B., as a result of criminal proceedings in the Fourth Judicial District Court, in Ada County, Idaho. (State's Lodging

A-2.) Prior to sentencing, the trial court ordered a presentence investigation report (PSI) to be prepared, and also ordered Petitioner to submit to a psychosexual evaluation. (State's Lodging A-1, at 65-66.) After reviewing these items and holding a hearing (State's Lodging A-3), the trial court sentenced Petitioner to a fixed 25-year sentence for kidnaping and a fixed life sentence for rape, to run concurrently. (*Id*. at 72-75.) The judgment of conviction was entered on October 11, 2005. (*Id*.)

Petitioner did not pursue a direct appeal, but he pursued a post-conviction relief application. After the state trial court held an evidentiary hearing, it denied all of Petitioner's post conviction claims with the exception of an ineffective assistance of counsel claim for failing to advise Petitioner that he had a constitutional right not to participate in a psychosexual evaluation, under *Estrada v. State*, 149 P.3d 833 (Idaho 2006). (State's Lodging C-1, at 134-49.) The court ordered that Petitioner be resentenced without consideration of the psychosexual report. (State's Lodgings A-1, at 95-96; C-1, p. 148.)

After completion of a new PSI (State's Lodging A-5) and a resentencing hearing (State's Lodging A-4), the trial court again sentenced Petitioner to a fixed 25-year sentence for kidnaping and a fixed life sentence for rape, to be served concurrently. (State's Lodging A-1, at 118-121.) The amended judgment was entered on October 14, 2008. (*Id*.)

Petitioner then filed an appeal challenging the length of his sentences under a state law "abuse of discretion" theory. (State's Lodging B-1.) The Idaho Court of Appeals

**MEMORANDUM DECISION AND ORDER - 2**

heard the appeal and affirmed the convictions and sentences on May 5, 2009. (State's Lodging B-4.) Petitioner did not seek review from the Idaho Supreme Court, and the remittitur issued May 27, 2009. (State's Lodging B-5.)

Petitioner also filed an appeal challenging denial of the other post-conviction claims that had been brought with the successful *Estrada* claim. (State's Lodging C-1, at 164-67.) The Idaho Court of Appeals heard the appeal and affirmed denial of the claims on March 16, 2010. (State's Lodging D-8.) Petitioner filed a brief in support of petition for review before the Idaho Supreme Court (State's Lodging D-9), which was denied on June 4, 2010. (State's Lodging D-10). The remittitur was issued on June 11, 2010. (State's Lodging D-11.)

In 2009, in the midst of his other pending cases, Petitioner filed a successive post-conviction action in state court. It was dismissed on February 1, 2010. (State's Lodging E-1.) He did not file an appeal from the dismissal. (*Id.*)

Petitioner filed his federal Petition for Writ of Habeas Corpus, containing 18 claims, on July 14, 2010. Of those claims, 17 are ineffective assistance of counsel claims, brought under the Sixth Amendment, based on the following alleged errors of defense counsel:

| | | |
|---|---|---|
| Claim 1 | | Not meeting frequently enough with Petitioner and failing to sufficiently involve himself in the preparation of the defense. |
| Claim 2 | | Failure to request a hearing on Petitioner's motion to suppress (regarding post-*Miranda* statements to police officers). |

**MEMORANDUM DECISION AND ORDER - 3**

| | |
|---|---|
| Claim 3 | Failure to file a motion to dismiss on speedy trial grounds. |
| Claim 4 | Failure to interview or attempt to locate witnesses who had exculpatory information or otherwise develop their testimony. |
| Claim 5 | Failure to subpoena Petitioner's cellular telephone records, which would have shown that the victim made a voluntary phone call to Petitioner at the time she was abducted. |
| Claim 6 | Failure to seek disqualification of the trial judge after the judge expressed his belief that Petitioner committed the offenses alleged in the indictment. |
| Claim 7 | Failure to provide Petitioner with sufficient assistance from an investigator. |
| Claim 8 | Refusal to follow up with Petitioner's witnesses. |
| Claim 9 | Improperly informing Petitioner that, if he testified, the State might impeach his testimony with his prior criminal record, when these convictions occurred more then ten years earlier. |
| Claim 10 | Failure to object after he was informed by the jury commissioner that the jury pool observed him in shackles and handcuffs. |
| Claim 11 | Failure to pay attention at trial; in particular, counsel was reading a yoga magazine during presentation of the State's case at trial. |
| Claim 12 | Recommending that Petitioner plead guilty at the conclusion of the State's presentation of evidence at trial. |
| Claim 13 | Failure to review Petitioner's presentence investigation interview. |
| Claim 14 | Inducing Petitioner to plead guilty by promising a sentence of no more than ten years fixed. |
| Claim 15 | Failing to inform Petitioner of his right to remain silent or otherwise provide advice to Petitioner during the |

psychosexual evaluation.

  Claim 16    Failure to provide the presentence investigation report to Petitioner until 30 minutes prior to sentencing.

  Claim 17    Failure to file a direct appeal, despite Petitioner's request to do so.

In addition, the Habeas Corpus Petition contains a claim challenging the state district court's handling of Petitioner's post-conviction matter:

  Claim 18    The trial court would not allow Petitioner's counsel to present his post-conviction case.

(Petition for Writ of Habeas Corpus, Dkt. 3.)

## MOTION FOR PARTIAL SUMMARY DISMISSAL

In Respondent's Motion for Partial Summary Dismissal, Respondent argues that Claims 1, 2, and 4-17 were not properly presented to the Idaho Supreme Court, and, thus, they are procedurally defaulted and subject to summary dismissal. Respondent also argues that Claim 18 fails to state a claim upon which relief can be granted.

**1. Standard of Law Governing Procedural Default**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus, or claims contained within the petition, when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b);

**MEMORANDUM DECISION AND ORDER - 5**

*Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Habeas corpus law requires that a petitioner "properly exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not "properly" exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *Boerckel*, 526 U.S. at 848. Another type of improper exhaustion occurs when a petitioner pursues a federal claim in state court, but the state court rejects the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is deemed "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

2.   **Discussion of Ineffective Assistance of Counsel Claims**

Respondent's argument boils down to an assertion that, of the 18 claims presented

in Petitioner's federal Petition for Writ of Habeas Corpus, only Claim 3 has been properly exhausted and can be heard on the merits. Claim 3 is that Petitioner's trial counsel was ineffective for failing to file a motion to dismiss on speedy trial grounds. Respondent argues that the remainder of the claims cannot be heard for the following reasons.

### A. *Claims Not Presented to the Idaho Appellate Courts*

Respondent alleges that the following claims were never presented any Idaho appellate court: (1) Claim 1, allegedly failing to provide a copy of the presentence report until minutes prior to sentencing; (2) Claim 6, failing to seek disqualification of the trial judge; (3) Claim 7, failing to provide sufficient assistance from an investigator; (4) Claim 13, failing to review the presentence investigation interview; and (5) Claim 15, failing to inform Petitioner of his right to remain silent during the psychosexual evaluation.

Reviewing the state court appellate records, the Court finds that Petitioner's opening appellate brief addressed several specific ineffective assistance of counsel claims, but not these five particular claims. (State's Lodging D-4.) Neither are they included in the petition for review before the Idaho Supreme Court. (State's Lodging D-9.) Accordingly, Claims 1, 6, 7, 13, and 15 are procedurally defaulted for failure to fairly present them to the highest state court for review in the manner prescribed by state law.

### B. *Claims Rendered Moot by Re-sentencing*

Respondent argues that Claims 13, 15 and 16, which are ineffective assistance of counsel claims arising from Petitioner's first sentencing, are procedurally defaulted because the Idaho Court of Appeals did not address the merits of the claims, finding them

**MEMORANDUM DECISION AND ORDER - 7**

moot as a result of Petitioner's re-sentencing. (State's Lodging D-8, p. 11 n.2.) This Court agrees that the claims are moot, meaning that these are issues presenting no real controversy as a result of changed circumstances. Respondent argues that the mootness doctrine is regularly and consistently applied in Idaho. This Court is unaware of any Idaho case law providing for the state appellate courts to address claims on the merits where the claims are moot.

Even if these claims are not procedurally defaulted, federal habeas corpus courts are not required to consider claims that have been rendered moot at the time they would have been considered. *See Hunt v. Eyman*, 405 F.2d 384, 384 (9th Cir. 1968). Therefore, these claims are subject to dismissal.

### C. *Claims Not Included in the Petition for Review*

Respondent argues that, of the 18 claims presented in the federal Petition for Writ of Habeas Corpus, only one was presented in Petitioner's petition for review before the Idaho Supreme Court (Claim 3), meaning that all others are procedurally defaulted. (See State's Lodging D-9.) Because this Court addressed Claims 1, 6, 7, 13, 15, 16 (above) on other grounds, remaining at issue are Claims 2, 4, 5, 8, 9, 10, 11, 12, and 17.

In *Boerckel*, *supra*, the United States Supreme Court determined: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's

**MEMORANDUM DECISION AND ORDER - 8**

*established appellate review process.*" 526 U.S. at 835 (emphasis added). In that case, the Court held that a habeas petitioner who fails to present his claims in a petition for discretionary review to a state court of last resort has not "*properly* presented" his claims to the state courts. *Id*. at 848 (emphasis in original). That Court identified two exceptions to this rule: "state prisoners do not have to invoke extraordinary remedies when those remedies are alternatives to the standard review process and where the state courts have not provided relief through those remedies in the past." *Id*. at 844.

In Petitioner's case, his petition for review before the Idaho Supreme Court raised only three of the claims brought before the Idaho Court of Appeals: (1) trial counsel's failure to file a motion to dismiss based upon a violation of Petitioner's speedy trial rights (State's Lodging D-9, pp.6-8, 11); (2) counsel's failure to request or obtain a psychological evaluation (*Id*., pp.8-9); and (3) the denial of due process based upon the allegation that he was "deprived of his constitutional right to have an opportunity to be heard" at the postconviction evidentiary hearing (*Id*., pp.10-11). Of these, only Claim 3 corresponds to a claim that appears in the federal Petition for Writ of Habeas Corpus, as noted above. Accordingly, Respondent argues that the remaining claims in the federal Petition are procedurally defaulted because Petitioner did not fairly present them to the highest state court for review in the manner prescribed by state law.

Petitioner counters that he did, in fact, present his claims to the Idaho Supreme Court when he filed his original opening appellate brief in the Idaho Supreme Court, because Idaho requires that every opening appellate brief be filed in the Idaho Supreme

**MEMORANDUM DECISION AND ORDER - 9**

Court, after which, the Court decides whether to retain the case or assign it to the Idaho Court of Appeals. Petitioner's argument raises the interesting question of whether, because of Idaho's unique appellate jurisdiction scheme, the initial presentation of claims to the Idaho Supreme Court, for a decision on whether the case will be retained or assigned to the Idaho Court of Appeals, suffices to fairly present the claims to the Idaho Supreme Court, eliminating the need for the appellant to present them in a petition for review after the Idaho Court of Appeals's decision. Stated another way, because *Boerckel* requires a petitioner to invoke "one full round" of the state's appellate review process, must an Idaho petitioner *twice* specifically ask the Idaho Supreme Court to hear his claims *if* the Idaho Court of Appeals hears and renders a decision on the case, and a petition for review remains an available procedure to seek a merits review from the Idaho Supreme Court?

      A comparison of the appellate review system of Illinois (at issue in *Boerckel*) and the appellate review system of Idaho is appropriate in this analysis. In *Boerckel*, the prisoner had presented his claims to the Appellate Court of Illinois but not to the Supreme Court of Illinois, in a system where the appeal of right was to the Appellate Court of Illinois, and a discretionary review to the Supreme Court of Illinois could follow. *Id.*, 526 U.S. at 843. The United States Supreme Court rejected the argument that the discretionary review step was unnecessary for federal habeas corpus exhaustion purposes:

      Comity, in these circumstances, dictates that Boerckel use the State's

**MEMORANDUM DECISION AND ORDER - 10**

> established appellate review procedures before he presents his claims to a federal court. Unlike the extraordinary procedures that we found unnecessary in *Brown v. Allen* and *Wilwording v. Swenson*, a petition for discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process.

*Id*.

Illinois law provides for a two-tiered appellate review process. *Id*. Most criminal appeals are heard first by an intermediate appellate court, the Appellate Court of Illinois. *Id*. If a party is dissatisfied with an opinion of the Appellate Court of Illinois, he may petition for leave to appeal to the Illinois Supreme Court, but whether "such a petition will be granted is a matter of sound judicial discretion." *Id*. (citing Ill. Sup. Ct. Rule 315(a)). Some of the reasons the Illinois Supreme Court uses in determining whether to exercise discretion include: "the general importance of the question presented; the existence of a conflict between the decision sought to be reviewed and a decision of the Supreme Court, or of another division of the Appellate Court; the need for the exercise of the Supreme Court's supervisory authority; and the final or interlocutory character of the judgment sought to be reviewed." *Id*.

Idaho's appellate review process is similar to the Illinois process, with one exception. In Idaho, *all* appeals are under the jurisdiction of, and administered by, the Idaho Supreme Court.[1] Upon an initial notice of appeal filing (which occurs in the state

---

[1] Rule 110, Idaho Appellate Rules, entitled "Case files," provides:

> All motions, petitions, briefs and other appellate documents, other than the initial notice of appeal, shall be filed with the Clerk of the Supreme Court as required by the Idaho Appellate Rules with the court heading of the Supreme Court of the

**MEMORANDUM DECISION AND ORDER - 11**

district court), the Idaho Supreme Court determines whether it will hear the case itself or assign the case to the Idaho Court of Appeals. Like Illinois, the Idaho Appellate Rules provide that routine cases will be assigned to the Idaho Court of Appeals. I.A.R. 108(b) ("Generally, cases which involve consideration of existing legal principles will be assigned to the Court of Appeals. In assigning cases to the Court of Appeals, due regard will be given to the workload of each court, and to the error review and correction functions of the Court of Appeals.").

The Idaho Appellate Rules also set forth several categories of cases that the Idaho Supreme Court ordinarily will retain, including "(1) Cases in which there is substantial public interest; (2) Cases in which there are significant issues involving clarification or development of the law, or which present a question of first impression; (3) Cases which involve a question of substantial state or federal constitutional interpretation; (4) Cases raising a substantial question of law regarding the validity of a state statute, or of a county, city, or other local ordinance; [and] (5) Cases involving issues upon which there is an inconsistency in the decisions of the Court of Appeals or of the Supreme Court." I.A.R., Rule 108. Cases not retained are assigned to the Idaho Court of Appeals.

Rule 118 of the Idaho Appellate Rules governs petitions for review, providing:

> State of Idaho as provided by Rule 6. There shall be no separate filings directed to or filed with the Court of Appeals. In the event of an assignment of a case to the Court of Appeals, the title of the proceeding and the identifying number thereof shall not be changed except that the Clerk of the Supreme Court may add additional letters or other notations to the case number so as to identify the assignment of the case. All case files shall be maintained in the office of the Clerk of the Supreme Court.

**MEMORANDUM DECISION AND ORDER - 12**

"Any party to a proceeding aggrieved by opinion or order of the Court of Appeals may physically file a petition for review with the Clerk of the Supreme Court. . . ." As in Illinois, Idaho Appellate Rule 118 specifies that granting a petition is "discretionary," and discretion will be exercised "only when there are special and important reasons and a majority of the Justices direct that the petition be granted." Rule 118 also provides:

> The following, while neither controlling nor fully measuring the Supreme Court's discretion, are factors that will be considered in the exercise of the Court's discretion: (1) Whether the Court of Appeals has decided a question of substance not heretofore determined by the Supreme Court; (2) Whether the Court of Appeals has decided a question of substance probably not in accord with applicable decisions of the Idaho Supreme Court or of the United States Supreme Court; (3) Whether the Court of Appeals has rendered a decision in conflict with a previous decision of the Court of Appeals; (4) Whether the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings or so far sanctioned such procedure by a trial court as to call for the exercise of the Supreme Court's power of supervision; [and] (5) Whether a majority of the judges of the Court of Appeals, after decision, certifies that the public interest or the interests of justice make desirable a further appellate review.

Idaho case law has clarified, that when a two-tiered appellate system is available, then issues first must be presented to the lower appellate court, enabling the appellant to enter the gateway to have the merits heard by the higher appellate court, if necessary. *See State v. Harris*, 979 P.2d 1201, 1205 (Idaho 1999)*; Centers v. Yehezkely*, 706 P.2d 105 (Idaho Ct. App. 1985). This is Idaho's established appellate review process, even though all appeals begin, for administrative purposes, in the Idaho Supreme Court.

Under Idaho's system, a petition for review would be unnecessary if it were true that presenting a claim to the Idaho Supreme Court through one's first appellate brief and

**MEMORANDUM DECISION AND ORDER - 13**

assignment to the Idaho Court of Appeals meant that the Idaho Supreme Court had already denied the claims on the merits. By the same token, the distinction between the highest state court and the intermediate appellate court would be lost if, by the first presentation of an opening appellate brief, the claims contained in every appeal assigned to the Idaho Court of Appeals were also deemed denied on the merits by the Idaho Supreme Court, simply because it had decided to assign the merits review to the Idaho Court of Appeals. Rather, the system dictates that a petition for review is necessary to seek a merits review in the Idaho Supreme Court if one is dissatisfied with an opinion from the Idaho Court of Appeals. In Idaho, it is clear that a petition for review is a "a normal, simple, and established part of the State's appellate review process." *Boerckel*, 526 U.S. at 843.

The Court rejects Petitioner's argument, because, although for administrative reasons, all appellate briefing is submitted to the Idaho Supreme Court, nevertheless, Idaho rules, case law, and practice dictate that, if a party's case is assigned to the Court of Appeals for adjudication of the merits, the Idaho Supreme Court has not reviewed, and will not review, the merits unless the petition for review procedure is followed. By foregoing a petition for review for all but three of his claims, Petitioner did not invoke one complete round of the State's established appellate review process for the omitted claims. Because it is now too late to raise any of these claims in a proper manner before the Idaho Supreme Court, they are procedurally defaulted.

    **D.**    *Standard of Law Governing Procedural Default Exceptions*

**MEMORANDUM DECISION AND ORDER - 14**

A petitioner can have a procedurally defaulted claim heard on federal habeas corpus review only if he can show he meets the "cause and prejudice" exception or the "miscarriage of justice" exception. Otherwise, the claim must be dismissed. To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Where the petitioner pleaded guilty and did not have the evidence in his case

**MEMORANDUM DECISION AND ORDER - 15**

evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. at 327; *Jaramillo v. Stewart*, 340 F.3d 877 (9th Cir. 2003).

Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is asserted in support of a nonharmless constitutional error at trial and is not a claim in itself. *Id.* at 316.

### E. *Discussion of Exceptions to Procedural Default*

Petitioner argues that he can show cause and prejudice for the default of his claims. He argues that the testimony he wanted to have suppressed was the cornerstone of the State's case, and that the transcripts he requested "would have shown a prejudicial judge." (Dkt. 15, pp. 3-5.) While this may be "prejudice," Petitioner has made no showing of "cause"; in other words, he has failed to present adequate reason why he did not bring the merits of his defaulted claims to the attention of the Idaho Supreme Court in a petition for review. Rather, it is clear that omission of the claims in the petition for review was the result of Petitioner's appellate counsel carefully selecting the best claims to include.

Petitioner next argues:

> My entire petition shows that an accumulation of errors and irregularities deprived me of fundamental fairness. While each irregularity may by itself be harmless, added together shows the absence of a fair trial in contravention of my right to due process, resulting in a presumption of actual innocence and establishing a fundamental miscarriage of justice.

(Dkt. 15, p. 5.)

**MEMORANDUM DECISION AND ORDER - 16**

This is a claim of legal error, not factual innocence, which does not meet the miscarriage of justice standard. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Accordingly, Petitioner has not met either exception to permit this Court to hear the procedurally defaulted claims.

3.   **Discussion of Due Process Claim**

Claim 18 is that Petitioner's Fifth and Fourteenth Amendment right to due process and right to present a defense were violated during the course of the post-conviction evidentiary hearing, because the district court prevented Petitioner's counsel from presenting Petitioner's case during the hearing. Because federal habeas corpus is not the proper avenue to address errors in a state's post-conviction review process, Petitioner's claim fails to state a claim upon which relief can be granted. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . . Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings.  Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions.  Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself."

*Id*. at 143-44. Therefore this claim is subject to dismissal for failure to state a claim upon which relief can be granted.

**4.     Conclusion**

The Court agrees with Respondent that all of Petitioner's claims, with the exception of Claim 3, suffer from procedural defects precluding this Court from entertaining the merits of those claims. Accordingly, Petitioner will be permitted to proceed on Claim 3 only.

**PETITIONER'S MOTION FOR JUDGMENT**

Petitioner seeks default judgment in this case based on Respondent's alleged filing of the pre-answer motion one day too late. Respondent adequately refutes this allegation, because the Order of May 9, 2011, provided for a response date of July, 11, 2011 (Dkt. 9), and the Motion to Dismiss was filed on July 11, 2011. (Dkt. 12.)

In any event, default judgment is not available in habeas corpus actions. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"). The result of a default judgment in a habeas corpus action would be the automatic release of a prisoner from custody. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (holding that "Rule 55(a) has no application in habeas corpus cases"). In *Allen v. Perini*, the court explained that "[t]he failure of State officials to file a timely return does not relieve the prisoner of his burden of proof[,]" and that "[d]efault judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary

**MEMORANDUM DECISION AND ORDER - 18**

hearings." *Id*. Therefore, Petitioner's Motion will be denied.

## SUMMARY AND CONCLUSION

As a result of all of the foregoing, Petitioner may proceed to the merits of Claim 3, and the other 17 claims are subject to summary dismissal. The Court has slightly changed its habeas corpus procedures since the inception of Petitioner's case. Rather than filing a motion for summary judgment, respondents now file an answer, fully briefing all remaining claims at that time. The petitioner is then given an opportunity to file a reply addressing why habeas corpus relief is warranted and addressing the respondent's arguments presented in the answer. The respondent is then permitted to file a sur-reply, if desired. At that point, the case is fully briefed. This procedure will be used for the remainder of this case, rather than the summary judgment procedure.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 12) is GRANTED. The following claims are dismissed: 1, 2, and 4 through 18.

2. Petitioner may proceed on Claim 3 only.

3. Petitioner's Motion for Judgment (Dkt. 16) is DENIED.

4. Respondent shall file an answer **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining claim. Petitioner shall file a reply (formerly called a traverse), containing a brief

rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

6. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: **March 14, 2012**

*/s/ Edward J. Lodge*
~~Honora~~ble Edward J. Lodge
U. S. District Judge