UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK L. NICOLAI, III,<br><br>                Petitioner,<br><br>v.<br><br>WARDEN JOHANNA SMITH,<br><br>                Respondent. | Case No. 1:10-cv-00355-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Earlier in this case, the Court granted Respondent Johanna Smith's Motion for Partial Summary Dismissal (Dkt. 12), dismissing Claims 1, 2, and 4 through 18, and leaving Claim 3 to be adjudicated on the merits. (Dkt. 19.) Respondent has filed her Answer, asserting that Claim 3 is subject to dismissal on the merits. (Dkt. 22.) Petitioner Frank Nicolai has filed a Reply, containing a request for reconsideration of the Court's decision to deny appointment of counsel in this case. (Dkt. 23.)

The Petition for Writ of Habeas Corpus is now ripe for adjudication. Having reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, the Court will decide this matter on the written motions, briefs and record without oral argument. D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## MOTION FOR RECONSIDERATION OF APPOINTMENT OF COUNSEL

Petitioner has requested that the Court reconsider its decision not to appoint counsel for him in this case. (Dkt. 23.) He asserts that the prison does not provide inmates with anyone trained in the law to assist them in their legal affairs, with a place for inmates to meet to help each other with their legal work, or with any case law. Petitioner states that he understood the content of several of Respondent's filings, but found the Answer very confusing and very difficult to understand.

There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Based on this standard, the Court concludes that Petitioner is not entitled to counsel. Although habeas corpus is a difficult area of law to comprehend, the law provides for counsel only in extraordinary circumstances. Here, no evidentiary hearing is required, and Petitioner had done an adequate job briefing his claim. After reviewing the nature of

**MEMORANDUM DECISION AND ORDER - 2**

the remaining claim, the Court finds that appointment of counsel would not significantly aid the Court in the decisionmaking process. Accordingly, the motion will be denied.

The Court will now turn to consideration of the merits of Claim 3.

## REVIEW OF CLAIM 3

In Claim 3 of the Petition for Writ of Habeas Corpus, Petitioner alleges that his trial counsel was ineffective for failing to file a motion to dismiss on the grounds that Petitioner's right to a speedy trial had been violated, pursuant to Idaho Code § 19-3501.

**1.    Standard of Law**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment only when the federal court determines that the petitioner is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act (AEDPA), federal habeas corpus relief is further limited to instances where the state-court adjudication of the merits:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

**MEMORANDUM DECISION AND ORDER - 3**

Under the first test, for a decision to be "contrary to" clearly established federal law, the petitioner must show that the state court applied "a rule of law different from the governing law set forth in United States Supreme Court precedent, or that the state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 404-06 (2000).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1), the petitioner must show that the state court was "unreasonable in applying the governing legal principle to the facts of the case." *Williams*, 529 U.S. at 413. A federal court cannot grant relief simply because it concludes in its independent judgment that the decision is incorrect or wrong; the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In *Harrington v. Richter*, 131 S.Ct. 770 (2011), the United States Supreme Court reiterated that a federal court may not simply re-determine a claim on its merits after the highest state court has done so, just because the federal court would have made a different decision. Rather, the review is necessarily deferential. The Supreme Court explained that under § 2254(d), a habeas court (1) "must determine what arguments or theories supported or . . . could have supported, the state court's decision;" and (2) "then it must ask whether it is possible fairminded

**MEMORANDUM DECISION AND ORDER - 4**

jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id*. at 786. If fairminded jurists could disagree on the correctness of the state court's decision, then a federal court cannot grant relief under § 2254(d)(1). *Id*. The Supreme Court emphasized: "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. (internal citation omitted).

When a party contests the state court's factual determinations, the court must undertake a § 2254(d)(2) analysis. To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable in light of the evidence presented in the State court proceeding." *Id*. The United States Supreme Court has admonished that a "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010) (citations omitted).

If the federal court concludes that a state court adjudication was based on an unreasonable determination of fact, then the federal court must "consider the petitioner's related claim de novo" to determine whether the petitioner has shown that relief under § 2254(a) is warranted. *Maxwell v. Roe*, 628 F.3d 486, 494-95 (9th Cir. 2010). *See also Jones v. Walker*, 540 F.3d 1277 (11th Cir. 2008) (*en banc*).

The clearly-established law governing a claim of ineffective assistance of

**MEMORANDUM DECISION AND ORDER - 5**

counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984). There, the United States Supreme Court determined that, to succeed on an ineffective assistance claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and that (2) the petitioner was prejudiced by the deficient performance. *Id*. at 684.

In assessing whether trial counsel's representation fell below an objective standard of competence under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time that the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

Prejudice under these circumstances means that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

A petitioner must establish both incompetence and prejudice to prove an ineffective assistance of counsel case. 466 U.S. at 697. On habeas review, the court may consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial. *Id.*

The foregoing standard, giving deference to counsel's decisionmaking, is the de novo standard of review. Another layer of deference–to the state court

**MEMORANDUM DECISION AND ORDER - 6**

decision–is afforded on federal habeas corpus review. In giving guidance to district courts reviewing *Strickland* claims on habeas corpus review, the United States Supreme Court explained:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Williams*, *supra*, at 410, 120 S.Ct. 1495. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Richter*, 131 S.Ct. at 785.

Here, Petitioner's claim is not grounded on federal speedy trial grounds, but on ineffective assistance of counsel for not asserting the right to a speedy trial under an Idaho statute governing state speedy trial rights, I.C. § 19-3501. The standard for speedy trials under I.C. § 19-3501 is more strict and provides additional protection than the United States Constitution. *See State v. McKeeth*, 38 P.3d 1275, 1282 ((Idaho Ct. App. 2001).

"A claim that the state has violated its own speedy trial rules presents a question of state law for determination by state courts." *Wallace v. Lockhart*, 701 F.2d 719, 729 (8th Cir. 1983). When a speedy trial issue is embedded within an ineffective assistance of trial counsel claim, on federal habeas corpus review a

**MEMORANDUM DECISION AND ORDER - 7**

federal district court is bound by the state court's determination that the state's speedy trial rules have not been violated, because it is purely a question of state law. *Parron v. Quick*, 869 F.2d 87, 90 (2d Cir. 1989); *Velez v. People of State of New York*, 941 F.Supp. 300, 317 (E.D.N.Y. 1996); *Young v. Crosby*, 2005 WL 1205398 (M.D. Fla. 2005).

Idaho Code § 19-3501(3) sets forth the state speedy trial law:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> \* \* \* \*
>
> (3) If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant was arraigned before the court.

The Idaho Court of Appeals has provided guidance for application of the state speedy trial statute:

> When a defendant who invokes his statutory speedy trial rights is not brought to trial within six months and shows that trial was not postponed at his request, the burden then shifts to the state to demonstrate good cause for the court to decline to dismiss an action. "Good cause" means that there was a substantial reason for the delay that rises to the level of a legal excuse. Analysis of whether there was good cause for a statutory speedy trial violation is not simply a determination of who was responsible for the delay and how long the case has been pending.
>
> Rather, the analysis should focus upon the reason for the delay. But the reason for the delay cannot be evaluated entirely in a vacuum and a good cause determination may take into account the additional factors listed in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101, 117 (1972). Thus, insofar as they

**MEMORANDUM DECISION AND ORDER - 8**

> bear on the sufficiency or strength of the reason for the delay, a court may consider (1) the length of the delay; (2) whether the defendant asserted the right to a speedy trial; and (3) the prejudice to the defendant. However, the reason for the delay lies at the heart of a good cause determination under I.C. § 19-3501.
>
> The ultimate question of whether legal excuse has been shown is a matter for judicial determination upon the facts and circumstances of each case. A trial judge does not have unbridled discretion to find good cause, however, and on appeal we will independently review the lower court's exercise of discretion.

*State v. Moore*, 231 P.3d 532, 544 (Idaho App. 2010) (internal citations omitted).

The *Moore* Court further explained:

> In evaluating the reason for the delay, different weights are assigned to different reasons. Our speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable. We attach great weight to considerations such as the state's need for time to collect witnesses, oppose pretrial motions, or locate the defendant in the event that he or she goes into hiding. A valid reason, such as a missing witness, should serve to justify appropriate delay.

231 P.3d at 545 (internal citations omitted).

In *Moore*, the Court of Appeals determined which portions of the overall delay were attributable to the State, to Moore (the defendant), and to the trial court's unilateral decisionmaking. *Id.* at 546. The *Moore* Court concluded: "aside from an unexplained two-month delay due to the court unilaterally vacating the May 2007 trial date, Moore was the reason for, agreed to, or acquiesced in the remaining delay in the prosecution bringing him to trial." *Id*. The *Moore* Court counted the reason for the delay as the "most important consideration" in weighing all of the factors for assessing the defendant's speedy trial rights, and despite a 16-

**MEMORANDUM DECISION AND ORDER - 9**

month delay, concluded that Moore's rights were not violated. *Id*. at 548.

**2.     Background**

On November 30, 2004, Petitioner was indicted on charges of raping and kidnaping S.B., in criminal proceedings in the Fourth Judicial District Court, in Ada County, Idaho. The state court record reflects that Petitioner was arraigned on December 9, 2004. Petitioner's arraignment was "continued for plea" at his request to December 15, 2004, and then to December 23, 2004, for the same reason. (State's Lodging A-1, pp. 24-25.) He finally pleaded not guilty at the last arraignment hearing, which was on December 23, 2004. Trial was set for April 25, 2005, within the six-month speedy trial period. (See State's Lodgings A-1, A-2.)

On January 27, 2005, at a motions hearing, Mr. Carr, Petitioner's trial attorney, stated that Petitioner would not be waiving a speedy trial. As a result, trial was re-scheduled for May 23, 2005, still within the six-month period.

However, on February 8, 2005, Petitioner attempted suicide. (A-5, p. 14 & Exhibits.) Petitioner's counsel then sought, and was granted, a psychological evaluation. (A-1, pp. 47-48.) The report was due on April 21, 2005, just four days prior to the trial date. (A-1, pp. 49-51.)

On May 19, 2005, at the pretrial conference, Petitioner again refused to waive his speedy trial rights. The court rescheduled Petitioner's trial from May 23 to June 27, 2005, over the objection, because the state was having difficulties obtaining some lab work. The court noted on the record that: Idaho Code § "18-

**MEMORANDUM DECISION AND ORDER - 10**

211 may add time to speedy trial." (A-1, p. 55.)

On June 27, 2005, the trial began. (A-1, pp. 58-62.) On the second day of trial, Petitioner pleaded guilty to both charges. (A-2.)

Six months from the first arraignment on December 9, 2004, was June 9, 2005; six months from the continued arraignment where Petitioner finally entered a plea, on December 23, 2004, was June 27, 2005. Thus, trial was either 18 or 4 days too late.

Prior to sentencing, the trial court ordered a presentence investigation report (PSI) to be prepared, and also ordered Petitioner to submit to a psychosexual evaluation. (A-1, at 65-66.) After reviewing these items and holding a sentencing hearing (A-3), the trial court sentenced Petitioner to a fixed 25-year sentence for kidnaping and a fixed life sentence for rape, to run concurrently. (A-3 at 72-75.) The judgment of conviction was entered on October 11, 2005. (*Id.*)

Petitioner presented his speedy trial issue on state post-conviction review. The claim was denied by the state district court, and the decision was affirmed on appeal by the Idaho Court of Appeals. Petitioner's petition for review before the Idaho Supreme Court was denied. (State's Lodgings D-1 to D-11).

### 3. State Court Rulings

On post-conviction review, Petitioner alleged that his trial counsel was ineffective for failing to file a motion to dismiss on the grounds that Petitioner's right to a speedy trial had been violated, pursuant to Idaho Code § 19-3501.

**MEMORANDUM DECISION AND ORDER - 11**

On this claim, the trial court found and concluded:

> The petitioner has failed to show that a speedy trial issue could have successfully been asserted. A review of the file reveals that the petitioner, who was indicted on November 30, 2004, was arraigned on December 9, 2004. He entered his not guilty plea, after requesting a delay, on December 23, 2004. The trial began on June 27, 2005.
>
> Previously, on January 27, 2005, Mr. Carr (Nicolai's trial attorney) stated that he would not be waiving speedy trial and trial was scheduled for May 23, 2005. However, on February 23, 2005, Mr. Carr filed a motion for a mental evaluation of the petitioner. At a hearing held on May 19, 2005, Mr. Carr again indicated an unwillingness to waive speedy trial, but the court rescheduled the trial to June 27, 2005, because the state was having difficulties obtaining some lab work. It was also noted during the hearing that the petitioner had contributed to the trial delay by requesting a mental health evaluation, which took a number of months to schedule and complete.
>
> * * * *
>
> The petitioner has not demonstrated any prejudice which would have likely resulted in a speedy trial motion being granted. Moreover, parts of the delay in his trial, which was not being conducted for an "ordinary street crime," were attributable to his request for a mental health evaluation and, to a lesser extent, his request to delay his entry of his plea.

(State's Lodging C-1, pp. 139-40.)

On appeal, Petitioner contended that the trial court did not rule on the issue of good cause under Idaho Code § 19-3501(3). The Idaho Court of Appeals addressed Petitioner's argument, concluding that the trial court did not err in finding that a motion to dismiss would have been unsuccessful. The Court of Appeals recognized that, while written court minutes reflected that a hearing was

**MEMORANDUM DECISION AND ORDER - 12**

held on the speedy trial issue, Petitioner failed to provide a transcript of that hearing on appeal. The Court of Appeals determined that Petitioner did not meet his burden to show that the motion to dismiss would have been successful. (State's Lodging D-8.) The Court of Appeals noted: "The district court determined that good cause likely existed to delay the trial where Nicolai had contributed to the delay, where the state was expecting lab work and where no prejudice to the defense had been asserted." (State's Lodging D-8, p. 9.)

4. **Discussion of Lack of Hearing Transcript in the State Court Record**

A preliminary procedural issue Petitioner raises is that the Idaho Court of Appeals decided this claim without the aid of a transcript of the May 19, 2005 hearing at which it was determined that the trial would be moved again. Rather, the Idaho Court of Appeals relied only upon written minutes from that hearing, because that is what the parties submitted for the record on appeal.

A. *Standard of Law*

The AEDPA, which governs adjudication of this case, contains restrictions on new evidentiary development in federal court. The law specifically provides that evidentiary hearings are prohibited if the petitioner "failed to develop the factual basis" of a claim in state court, unless the petitioner can meet one of two narrow exceptions. 28 U.S.C. § 2254(e)(2). Courts have interpreted this restriction as applying whenever a prisoner seeks relief based on either new documentary evidence to expand the written record or on evidence obtained in a new federal

**MEMORANDUM DECISION AND ORDER - 13**

court evidentiary hearing. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004); *accord Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).

In *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), the United States Supreme Court clarified that a federal habeas court can look only to the record before the state court in reviewing a state court decision under section 2254(d)(1). *Id*. at 1398. In that case, the federal district court held an evidentiary hearing on an ineffective assistance of counsel claim and, after taking into consideration evidence that was not before the state court, concluded that the state court's decision involved an unreasonable application of clearly established federal law. *Id*. at 1397. The United States Court of Appeals for the Ninth Circuit affirmed. *Id*.

The Supreme Court reversed and held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. The Court rejected, as an unwarranted "assumption," that if a petitioner could overcome the restrictions on evidentiary hearings in § 2254(e)(2) and then present new evidence in federal court, the deferential standards in § 2254(d)(1) do not apply. *Id*. at 1400. The Court held instead that "that evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id*.[1]

---

[1] Although *Pinholster* technically addressed the proper scope of review only under § 2254(d)(1), the Court noted that § 2254(d)(2) *expressly* requires a review of the state court's factfinding based on the evidence presented in the state court proceeding. 131 S.Ct. at n.7. As a result, it is now clear that both subsections limit federal habeas corpus review to the evidence that was before the state courts.

**MEMORANDUM DECISION AND ORDER - 14**

The Supreme Court noted that § 2254(e)(2) was not rendered superfluous by its holding because that provision "continues to have force where § 2254(d)(1) does not bar federal habeas relief." 131 S.Ct. at 1401. As an example, the Court remarked that not all federal claims fall within the scope of § 2254(d), such as claims that were not adjudicated on the merits by the state court. Under those circumstances, the petitioner would need to satisfy the standards in § 2254(e)(2), or establish that the provision is inapplicable, before the federal court could grant an evidentiary hearing.

Accordingly, the Court first reviews the § 2254(e)(2) question–whether Petitioner exercised reasonable diligence and was not at fault for the lack of factual development in state court. *See Williams v. Taylor*, 529 U.S. 420, 437 (2000).

### B.   *Discussion*

Petitioner argues that he did, in fact, request that the transcript be prepared so that it could be submitted on appeal, but the state district court denied his request, for the reason that the request was vague, and a vague request did not justify a significant taxpayer expense. Petitioner did not then provide specific reasons to the state court to support his request. Based on these factors, the Court finds that Petitioner was not diligent in pursuing his request for a transcript.

In addition, because the Idaho Court of Appeals decided Petitioner's ineffective assistance of counsel claim on the merits, the *Pinholster* holding applies in this case to prevent this Court from reviewing new evidence, such as the

**MEMORANDUM DECISION AND ORDER - 15**

transcript, that was not before the Idaho Court of Appeals when it made its decision. Therefore, the Court will proceed to review the merits of the Idaho Court of Appeals' decision based on the record that was before that Court, rather than an enhanced record, as Petitioner proposes.

**5.     Discussion of State Court Determination**

The state-law speedy trial determination is based upon (1) how long the case has been pending; (2) all of the reasons for the delay; (3) the length of delay; (4) whether Petitioner asserted his speedy trial rights; and (5) whether he was prejudiced. As *Moore* explains, the reasons for the delay carry the most weight.

The trial court found that the delay was due to the complexity of the case (not an "ordinary street crime"), Petitioner's request for a mental health evaluation after he tried to commit suicide (causing a delay of approximately two months), and, to a lesser extent, his request to delay his entry of his plea (causing a delay of fourteen days). The record also reflects that, near the end of the six-month period, the State contributed to the delay by not having obtained lab reports.

The delay particularly attributable to the State, and the reason for the delay, are weighed heavily in the speedy trial analysis. The *Moore* case dictates that where the reason for the delay is that the State is trying to obtain evidence–such as here, with the missing lab reports–such reason is generally considered adequate to justify a delay in the trial. There is no evidence in the record that the State "deliberately attempt[e]d to delay the trial . . . to hamper the defense." *Moore*, 231

**MEMORANDUM DECISION AND ORDER - 16**

P.2d at 545.

The case was tried 18 days past the six-month mark when counting from the original arraignment date, or 4 days past the six-month mark when counting from the continued arraignment date when Petitioner pleaded not guilty. Considering that Petitioner himself delayed the trial approximately two months with his mental health issues, the State's role in the delay was not very significant.

While Petitioner did assert his speedy trial rights, the record also suggests that he waived them (by his actions rather than his words) during the period of time when he was undergoing his mental health evaluation and awaiting the report to determine whether he was competent to stand trial.

As to the final factor, Petitioner has pointed to no prejudice that resulted from the delay of trial. In fact, he pleaded guilty early in the trial, and did not assert his full right to be tried by a jury. He has not shown that going to trial 4 or 18 days late harmed his defense.

The vast majority of the factors weigh against Petitioner. While recognizing that this Court defers to the state court determination of the underlying speedy trial issue, this Court, nevertheless, agrees with the Idaho Court of Appeals that a motion to dismiss based on speedy trial grounds likely would not have been successful. Therefore, Petitioner's counsel's performance was not deficient because he chose not to file a speedy trial challenge, and no prejudice resulted from his decision to forgo that avenue of defense.

**MEMORANDUM DECISION AND ORDER - 17**

Based on the doubly-deferential standard of *Strickland/Harrington*, Petitioner has not shown deficient performance or prejudice to warrant a conclusion that Petitioner's counsel performed ineffectively under the Sixth Amendment. Accordingly, Petitioner is not entitled to federal habeas corpus relief under § 2254(d)(2), and his case will be dismissed with prejudice.

## REVIEW OF THE CLAIMS AND THE COURT'S DECISION FOR PURPOSES OF CERTIFICATE OF APPEALABILITY

In the event Petitioner files a notice of appeal from the Order and Judgment in this case, the Court now evaluates the claims within the Petition for suitability for issuance of a certificate of appealability (COA), which is required before a habeas corpus appeal can proceed. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); Rule 11(a), Rules Governing Section 2254 Cases.

A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that, under this standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.*" Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and punctuation omitted).

When a court has dismissed a petition or claim on procedural grounds, in addition to showing that the petition "states a valid claim of the denial of a constitutional right," as explained above, the petitioner must also show that reasonable jurists would find debatable whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail on appeal. *Miller-El*, 537 U.S. at 336.

Here, the Court has dismissed some of Petitioner's claims on procedural grounds, and one of the claims on the merits. The Court finds that additional briefing on the COA is not necessary. Having reviewed the record again, the Court concludes that reasonable jurists would not find debatable the Court's decision on the procedural issues and the merits of the claims raised in the Petition and that the issues presented are not adequate to deserve encouragement to proceed further. As a result, the Court declines to grant a COA on any issue or claim in this action.

If he wishes to proceed to the United States Court of Appeals for the Ninth Circuit, Petitioner must file a notice of appeal in this Court **within thirty (30) days after entry of this Order**, and he may file a motion for COA in the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b)(2).

**MEMORANDUM DECISION AND ORDER - 19**

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Reconsideration of Order Denying Request for Appointment of Counsel (Dkt. 23) is DENIED.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DENIED and DISMISSED with prejudice.

3. The Court will not grant a Certificate of Appealability in this case. If Petitioner chooses to file a notice of appeal, the Clerk of Court is ordered to forward a copy of this Order, the record in this case, and Petitioner's notice of appeal, to the United States Court of Appeals for the Ninth Circuit.

DATED: **March 6, 2013**

Honorable Edward J. Lodge
U. S. District Judge